

# U.S. Department of Justice

*United States Attorney's Office*
*District of Nevada*

---

*Daniel G. Bogden*          *100 West Liberty Street*    *Phone (775) 784-5438*
*United States Attorney*    *Suite 600*                  *Fax (775) 784-5181*
                            *Reno, Nevada 89501*

November 23, 2009

MEMORANDUM OF PLEA NEGOTIATIONS

TO:       Honorable Larry R. Hicks
          United States District Judge

FROM:     Ronald C. Rachow  *RCR*
          Asst. United States Attorney

SUBJECT:  U.S. v. Aaron Weinstein
          3:09-CR-66-LRH-VPC



I.        PLEA NEGOTIATION

          The defendant, AARON WEINSTEIN, is charged in a three count indictment filed on July 22, 2009, with the offenses of Providing a Gratuity to a Public Official in violation of Title 18, United States Code, Section 201(c)(1)(A). The Government and the defendant have agreed to the following:

          1.  The defendant will plead guilty as charged to a superseding misdemeanor information charging him with Providing Contraband in Prison in violation of Title 18, United States Code, Section 1791(a)(1) and (b)(5).

          2.  The parties agree that the offense charged in the superseding information is a Class B misdemeanor and therefore the advisory Sentencing Guidelines are not applicable. See 1B1.9.

          3.  The Government agrees to concur with the recommendation of the U.S. Probation Department as to any fine or restitution being ordered as part of the sentence.

MEMORANDUM OF PLEA NEGOTIATIONS
U.S. v. Aaron Weinstein
3:09-CR-66-LRH-VPC

4. The defendant has cooperated with the Government during the investigation of events that occurred at the Washoe County Jail. In return for the Government filing this single count information, and dismissing other charges arising out of this investigation, the defendant agrees to continue his cooperation with the Government and to testify truthfully in any case brought against Mary Boxx, and/or Michon Mills arising out of the investigation of Washoe County Sheriff's employees receiving gratuities in return for giving unauthorized privileges or materials to a jail inmate.

5. The defendant is aware and agrees that if he fails to comply with the conditions of this agreement by refusing to testify, or by giving untruthful testimony, this agreement is null and void. The Government will be released from any obligation under this agreement and free to re-institute any or all of the charges contained in the original indictment and to seek any sentence it believes appropriate to include a period of incarceration in federal custody.

6. The defendant is aware that his sentence will be imposed after the court considers the factors listed in Section 3553 of Title 18, United States Code, and any other information offered at the time of sentencing by either party. The defendant is aware that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for the offense to which the defendant pleads guilty.

7. The defendant is also aware that Title 18, United States Code, Section 3742 gives the defendant a right to appeal the sentence to be imposed and that other federal laws give the defendant rights to appeal other aspects of his conviction. In exchange for the concessions made by the United States in the instant plea agreement, the defendant knowingly and expressly waives his right to appeal any sentence to be imposed, further waives his right to appeal the manner in which that sentence was determined on the grounds set forth in title 18, United States Code, Section 3742, and further waives his right to appeal any other aspect of his conviction or sentence. The defendant also waives all collateral challenges, including any claims under 28 U.S.C., Section 2255, to his conviction, sentence, and the procedure by which the court adjudicated guilt and imposed

MEMORANDUM OF PLEA NEGOTIATIONS
U.S. v. Aaron Weinstein
3:09-CR-66-LRH-VPC

sentence, except non-waivable claims of ineffective assistance of counsel.

II.      PENALTY:

Statutory:

     Title 18, United States Code, Section 1791(a) and (b)(5) provides for a penalty of imprisonment of not more than 6 months, and a fine or both.

     Title 18, United States Code, Section 3571(b)(6), provides that a fine of not more than $5,000.00 may be imposed in addition to any term of imprisonment.

Sentencing Guidelines:

     The Sentencing Guidelines are inapplicable.

     A mandatory special assessment under Title 18, United States Code, Section 3013 of $10.00 must be imposed for each count of conviction.

III.     ESSENTIAL ELEMENTS OF THE OFFENSE:

     Before a verdict of guilty may be reached, the Government would have to prove the essential elements of the offense beyond a reasonable doubt as follows:

> First:   That the defendant provided, or assisted others in providing, items to a federal detainee which were not authorized under rules and regulations governing the operation of the Washoe County Jail; and
>
> Second:  That the defendant acted knowingly.

IV.      FACTUAL STIPULATION RELEVANT TO SENTENCING:

     At all times relevant to this information, the defendant was an employee of Joe Francis. Joe Francis was being detained in the Washoe County jail by a Federal Court order while federal tax charges were pending against him. The Washoe County

3

MEMORANDUM OF PLEA NEGOTIATIONS
U.S. v. Aaron Weinstein
3:09-CR-66-LRH-VPC

Jail had a contract to provide detention services for the U.S. Marshal's office. The Washoe County Jail has rules and regulations listing items that are not authorized for possession by inmates. Jail rules limited the number of magazines that could be in the possession of an inmate. Weinstein ordered several magazines for Francis and had them sent to Boxx for delivery to Francis resulting in a violation of jail rules which threatened the good order and discipline of the jail. At the direction of Francis, Weinstein also provided gratuities to Boxx while Francis was in custody.

V.        STATEMENT OF THE DEFENDANT:

I, AARON WEINSTEIN, hereby acknowledge that I have thoroughly read and reviewed this memorandum with my attorney and agree that this memorandum completely and accurately states the facts supporting my plea of guilty and the negotiations between myself, my attorney, and the United States Attorney's Office. I have discussed the contents of this memorandum with my attorney and it has been explained to my satisfaction.

I have explained the facts and circumstances surrounding this case completely to my attorney and have been advised of what legal courses of action I might take. These discussions have included what might happen if I go to trial, what evidence the Government has against me, and the possible defenses, if any, I may have to these criminal charges.

My attorney has not promised me anything not mentioned in this plea memorandum and, in particular, my attorney has not promised that I will get any specific sentence. I understand that any discussions with my attorney about the possible sentence I might receive from the Court are just predictions and not binding on the Court. I know I cannot withdraw my guilty plea because my attorney's sentencing predictions turn out to be wrong.

My attorney has also explained to me my Constitutional Rights, including my right to a jury trial, to confront my accusers, to call witnesses on my own behalf, and my right to remain silent. My attorney has further explained to me that I have to waive these rights, that is, give them up, in order to

4

MEMORANDUM OF PLEA NEGOTIATIONS
U.S. v. Aaron Weinstein
3:09-CR-66-LRH-VPC

have my guilty plea accepted by the Court.

   I understand that the United States Attorney's Office will fully inform the Court and the United States Probation Office of the nature, scope, and extent of my conduct regarding the facts and circumstances of the charges against me, and any and all related matters in aggravation or mitigation concerning the issue of my sentencing.

   I know if the Government is making a non-binding recommendation as to what type of sentence I should receive, the Court does not have to follow that recommendation. I also understand that I cannot withdraw my guilty plea because the Court decides to not follow the non-binding sentencing recommendation of the Government.

   I further understand that the matter of sentencing is entirely up to the Court. Any stipulations or agreements between myself, my attorney, and the United States Attorney's Office are not binding upon the Court. I know the Court will decide my sentence based upon the facts of this case, my personal background, the factors listed in Title 18, United States Code, Section 3553(a) and the advisory Sentencing Guidelines. I fully understand that my sentence could be anywhere within the range set forth in Section II of this memorandum.

   Finally, I understand that the decision to plead guilty or go to trial is mine alone. As stated above, I have discussed this case fully with my attorney and received legal advice about what is the best course of action that I should take. My decision after receiving this advice is to plead guilty under this agreement.

_____          12/8/09
AARON WEINSTEIN                       Date

_____          12/8/09
LOREN GRAHAM                          Date
Counsel for defendant

5